UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| MICHAEL MCKINNEY | ) | | |
|---|---|---|---|
| | ) | | |
| Petitioner, | ) | Case Nos. | 1:13-CV-251-HSM-CHS |
| | ) | | 1:11-CR-74-HSM-CHS |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

**MEMORANDUM and ORDER**

On August 8, 2012, Petitioner Michael McKinney ("Petitioner") was sentenced to 165 months' imprisonment for possessing equipment, chemicals, products, and materials knowing that those items would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). He subsequently filed a timely *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 44]. For the reasons that follow, the Court finds an evidentiary hearing on the 2255 Motion is not necessary, and the 2255 Motion shall be **GRANTED in part**, **DENIED in part**, and **STAYED in part**.

I.     **STANDARD of REVIEW**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to

1

render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## II. BACKGROUND

On September 8, 2010, local law enforcement officers investigated a report that Petitioner was manufacturing methamphetamine at his residence. When the officers arrived, they detected a strong chemical smell associated with "meth labs," noticed that Petitioner seemed very nervous, and subsequently found and seized various components of a methamphetamine lab, including 27.8 grams of ephedrine/pseudoephedrine [Doc. 25, Agreed Factual Basis]. A federal grand jury subsequently charged Petitioner with possessing equipment, chemicals, products, and materials knowing that those items would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) [Doc. 1, Indictment]. Petitioner pleaded guilty on April 23, 2012, without the benefit of a plea agreement [*See* Doc. 28, Courtroom Minutes; Doc. 30, Report & Recommendation; Doc. 31, Order].

In calculating the applicable Guidelines range, the probation officer deemed Petitioner to be a career offender—he had more than fifty prior convictions—with a base offense level of 32 [Presentence Report ("PSR") at ¶ 20; *see also id*. at ¶¶ 27-68]. The PSR specifically identified three convictions under Tennessee law as the bases for deeming Petitioner a career offender: Attempt to Commit Felonious Aggravated Assault, Aggravated Assault, and Promoting Manufacturing of Methamphetamine and Possession of Drug Paraphernalia [PSR at ¶¶47, 64, and 68, respectively]. This designation of Petitioner as a career offender earned him an offense level of 32 pursuant to U.S.S.G. §4B1.1. After a three-level reduction for acceptance of responsibility, Petitioner's Total Offense Level was 29 [*Id*. at ¶¶ 21-23]. Petitioner had 26 criminal history points, for a criminal history category of VI, the same category required by his career-offender status [*Id*. at ¶¶ 71-72]. The corresponding Guidelines range was 151 to 188 months' imprisonment [*Id*. at ¶ 98]. On August 6, 2012, this Court sentenced Petitioner to 165

3

months' imprisonment, within the advisory Guidelines range [Doc. 36, Judgment]. Seven months later, Petitioner filed a *pro se* notice of appeal; the Sixth Circuit ultimately dismissed the appeal as untimely [Doc. 43, Order]. This timely 2255 Motion followed [Doc. 44, 2255 Motion; *see also* Doc. 46, Supplement].

**III. Discussion**

Petitioner claims that counsel was constitutionally ineffective for (1) not contesting the drug quantity attributed to Petitioner at sentencing, (2) not disputing whether a particular prior conviction was a qualifying career-offender predicate, and (3) not objecting to the statutory enhancement for having a prior felony drug conviction even though that particular conviction had allegedly been vacated by the state court [Doc. 44, 2255 Motion at 1-3].

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure

4

of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound… strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

First, Petitioner argues that the "wet sludge mixture" seized from his residence would have contained only "a trace amount of actual ephedrine," and that counsel should have objected

5

when 27.8 grams of ephedrine/pseudoephedrine were attributed to Petitioner for purposes of calculating his base offense level [Doc. 44, 2255 Motion at 2, 9]. However, Petitioner stipulated to that quantity when pleading guilty [Doc. 25, Agreed Factual Basis]. Further, this Court subsequently found his plea to have been entered knowingly, intelligently, and voluntarily [Docs. 30 and 31], and Petitioner does not argue otherwise. Therefore, this argument lacks merit.

Second, Petitioner asserts his counsel was ineffective because he did not object to the statutory enhancement applied to him for having a prior felony drug conviction even though that particular conviction had, allegedly, been vacated by a state court. The statutory penalty for a violation of 21 U.S.C. § 843(a)(6) carries a maximum sentence of ten years' imprisonment; however, if the defendant has a prior State conviction for controlled substances, then the statutory maximum is twenty years. 21 U.S.C. § 843(d)(2).[1] Defendant argues the state court conviction used to enhance his statutory maximum from ten to twenty years was vacated by a Tennessee court and therefore cannot be considered for enhancement purposes.

It is unnecessary for the Court to address whether the predicate offense for enhancement was improperly considered for sentencing purposes because the government concedes that

---

[1] Petitioner pleaded guilty to possessing equipment, chemicals, products, and materials knowing that those items would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). The provision applicable to Petitioner's sentence is 21 U.S.C. § 843(d)(2), which provides in relevant part:

> **(2)** Any person who, with the intent to manufacture or to facilitate the manufacture of methamphetamine, violates paragraph (6) or (7) of subsection (a) of this section, shall be sentenced to a term of imprisonment of not more than 10 years, a fine under Title 18, or both; except that if any person commits such a violation after one or more prior convictions of that person--
>
> \*   \*   \*
>
> **(C)** under any other law of the United States or any State relating to controlled substances or listed chemicals,
>
> has become final, such person shall be sentenced to a term of imprisonment of not more than 20 years, a fine under Title 18, or both.

21 U.S.C. § 843(d)(2).

6

Case 1:11-cr-00074-HSM-CHS Document 75 Filed 09/29/16 Page 6 of 9 PageID #: 222

Petitioner's sentence was improperly enhanced. This concession is based on the government's admitted oversight in not filing a notice under 21 U.S.C. § 851 that the prior conviction would be used to enhance the statutory maximum sentence from ten years to twenty years. The government requests that Defendant's 2255 Motion be granted and that Defendant's sentence be reduced from 165 months to 120 months because the ten-year statutory maximum applies. *See Dorsey v. United States*, --- U.S. ---, 132 S. Ct. 2321, 2327 (2012) (holding a defendant cannot be sentenced under the Guidelines for more than the statutory maximum).

The government's request is well taken. Accordingly, the Petitioner's 2255 Motion will be **GRANTED in part** to the extent it seeks nullification of the 21 U.S.C. § 843(d)(2) sentence enhancement.

Third, Defendant asserts he was improperly deemed to be a career offender and improperly had his sentence enhanced pursuant to U.S.S.G. § 4B1.1(a) (Nov. 1, 2011). Defendant's sentencing under the career offender provision of U.S.S.G. § 4B1.1(a) (Nov. 1, 2011) raises a "*Johnson* issue" which, for the following reasons, requires this Court to stay ruling on this issue pending a decision by the Supreme Court of the United States in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016).

On June 26, 2015, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing this case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson*. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). After receiving a notice of conflict of interest [Doc. 68], this Court appointed substitute CJA counsel to fulfill FDSET's duties under the Standing Order [Doc. 69]. On July 25, 2016, counsel filed what the Court

7

interprets to be a motion for leave to amend the original petition to challenge Petitioner's enhancement under Section 4B1.1 of the United States Sentencing Guidelines [Doc. 70]. The request relies in part on *United States v. Pawlak*, in which the United States Court of Appeals for the Sixth Circuit cited *Johnson*'s invalidation of the ACCA residual clause as the basis for invalidating Section 4B1.2(a)(2)'s parallel provision. 822 F.3d 902, 911 (6th Cir. 2016); [Doc. 70 at at 3–10 (suggesting that Petitioner's two prior aggravated assault convictions are no longer capable of categorization as a crimes of violence)].

Review of the supplement reveals that Petitioner's entitlement to relief depends on whether *Johnson*'s impact on the Guidelines has been made retroactively applicable on collateral review. It is this very issue that the Supreme Court has agreed resolve in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016). "The question whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the District Court." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). The Court finds such a stay appropriate in this case.

In a recent published opinion, the Sixth Circuit recognized that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016). While district courts are generally responsible for deciding, in the first instance, whether "*Pawlak* is a new rule or not," *Id.* at *4, multiple Sixth Circuit opinions have endorsed holding petitions similar to the instant one "in abeyance pending the Supreme Court's decision in *Beckles*," *Id.* at *4; *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *4 (6th Cir. Aug. 12, 2016). The justification for doing so is that, "[a]fter . . . [*Beckles*], the district courts will be well positioned to handle

8

[*Johnson*-based challenges to the Guidelines] fairly and efficiently." *In re Embry*, 2016 WL 4056056, at *4. The propriety of such a stay is further reinforced by the fact that at least two panels from the Sixth Circuit have adopted contrasting predictions for what the *Beckles* decision will hold. *Compare Id.* at *4 ("If pressed to decide the question now, we would lean in favor of saying that *Pawlak* . . . . rests on a new rule of constitutional law that the Supreme Court has not recognized, much less made retroactive on collateral review."), *with In re Patrick*, 2016 WL 4254929, at *3 ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive [in the ACCA context] applies equally to the Guidelines."). Accordingly, this action will be **STAYED** pending the Supreme Court's decision in *Beckles*.

## IV. CONCLUSION

For the reasons stated herein:

- Petitioner's 2255 Motion is hereby **GRANTED in part** to the extent it seeks nullification of the 21 U.S.C. § 843(d)(2) sentence enhancement, and **DENIED in part** to the extent it argues that Petitioner's counsel was constitutionally ineffective in failing to object to the drug quantities used to calculate his base offense level;

- The remainder of this action is hereby **STAYED** pending the Supreme Court's decision in *Beckles*; and

- The parties are hereby **DIRECTED** to file a joint status report within thirty (30) days of that decision addressing its impact on the instant motion, as well as the issue of Petitioner's resentencing.

IT IS SO ORDERED.

        */s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE