UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL MCKINNEY, | ) | |
| *Petitioner*, | ) | Case Nos. 1:20-cv-185; 1:11-cr-74 |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Michael McKinney's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:20-cv-185; Doc. 113 in Case No. 1:11-cr-74.) Petitioner has also filed a motion to "recalculate probation terms," which the Court construes as a supplement to his § 2255 motion. (Doc. 2 in Case No. 1:20-cv-185; Doc. 118 in Case No. 1:11-cr-74.) For the following reasons, the Court will **DENY** Petitioner's motions.

### I. BACKGROUND

On August 23, 2011, a grand jury returned a one-count indictment charging Petitioner with possessing equipment, chemicals, products and materials which may be used to manufacture methamphetamine knowing, intending, and having reasonable cause to believe that they would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 843(a)(6). (Doc. 1 in Case No. 1:11-cr-74.) After Petitioner pleaded guilty, the Court sentenced him to 165 months' imprisonment and three years' supervised release. (Doc. 36 in Case No. 1:11-cr-74.) Petitioner appealed his conviction and sentence to the United States Court of Appeals for the

Sixth Circuit, but the Sixth Circuit dismissed his appeal as untimely. (Doc. 43 in Case No. 1:11-cr-74.) Petitioner then filed a § 2255 motion (Doc. 44 in Case No. 1:11-cr-74), which the Court granted in part to the extent it sought to nullify Petitioner's sentencing enhancement under 21 U.S.C. § 843(d)(2) based on the Government's failure to file a notice under 21 U.S.C. § 851. (*See* Doc. 75 in Case No. 1:11-cr-74.) On May 17, 2017, the Court entered an amended judgment and resentenced Petitioner to 96 months' imprisonment and three years' supervised release. (Doc. 83 in Case No. 1:11-cr-74.) Petitioner did not appeal the Court's amended judgment.

On August 17, 2018, after completing his custodial sentence, Petitioner was arrested for violating the terms of his supervised release. (*See* Docs. 88, 89, 91 in Case No. 1:11-cr-74.) Petitioner and the Government subsequently moved the Court to enter an agreed order of revocation. (Doc. 95 in Case No. 1:11-cr-74.) The Court granted the parties' motion and sentenced Petitioner to six months' incarceration and two years' supervised release. (Doc. 96 in Case No. 1:11-cr-74.) On March 11, 2019, Petitioner was again arrested for violating the terms of his supervised release.[1] (*See* Doc. 101 in Case No. 1:11-cr-74.)

On May 29, 2019, Petitioner filed a § 2255 motion. (Doc. 1 in Case No. 1:20-cv-185; Doc. 113 in Case No. 1:11-cr-74.) In his motion, Petitioner asserts that, at resentencing after the Court granted his first § 2255 motion, the Court should have also lowered or eliminated his term of his supervised release. (Doc. 1, at 4 in Case No. 1:20-cv-185; Doc. 113, at 4 in Case No. 1:11-cr-74.) On July 15, 2019, Petitioner filed a motion to recalculate his probation terms, again arguing that the Court should have lowered or eliminated his term of supervised release at

---

[1] On March 26, 2019, the Court committed Petitioner for a mental evaluation. (Doc. 109 in Case No. 1:11-cr-74.)

resentencing. (Doc. 2 in Case No. 1:20-cv-185; Doc. 118 in Case No. 1:11-cr-74.) On August 30, 2019, the Court revoked Petitioner's supervised release and sentenced him to twenty-four months' imprisonment with no supervised release to follow in connection with his arrest in March 2019 for violating the terms of his supervised release. (Doc. 129 in Case No. 1:11-cr-74.) Petitioner's § 2255 motions are now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. Timeliness of Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely. Petitioner did not appeal his conviction and sentence as set forth in the Court's amended judgment, so that judgment became final on May 30, 2017. *See* Fed. R. App. P. 4(b)(1)(A) (providing that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (holding that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed"). Petitioner did not seek relief in connection with the Court's amended judgment under § 2255 until May 2019—almost two years after his amended judgment became final. Accordingly, his § 2255 motion is not timely under 28 U.S.C. § 2255(f)(1).[2]

Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations applicable to Petitioner's § 2255 motion. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts

---

[2] Petitioner does not assert that his motion is timely under § 2255(f)(2), (3), or (4), and Petitioner does not provide any facts suggesting his motion is timely under any of those subsections.

demonstrating that some extraordinary circumstance prevented the timely filing of the present motion or that he has been diligently pursuing his rights. Accordingly, Petitioner is not entitled to equitable tolling, and his § 2255 motion will be dismissed as untimely.

### B. Procedural Default

Additionally, Petitioner's motion fails because his arguments are procedurally defaulted. Petitioner did not directly appeal the Court's calculation, duration, or legality of his sentence as reflected in his amended judgment. Accordingly, to obtain review of his sentence, including the length of his term of supervised release, in connection with a motion made pursuant to § 2255, Petitioner must demonstrate good cause for not raising his arguments on direct appeal and that actual prejudice will result if these arguments are not reviewed. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has made no such showing and, thus, his challenges to the Court's sentence are procedurally defaulted. *See id.* at 885–86.

### C. Merits of Petitioner's § 2255 Motion

Finally, Petitioner's argument that the Court should have lowered or eliminated his term of supervised release at resentencing also fails on the merits. Violation of 21 U.S.C. § 843(a)(6) is a Class C felony, regardless of whether the Government seeks to enhance a defendant's sentence by timely filing a § 851 notice. *See* 18 U.S.C. § 3559 (providing that an offense is a Class C felony if the maximum term of imprisonment authorized is "less than twenty-five years but ten or more years); 21 U.S.C. § 843(a)(6) (stating any person "who, with the intent to manufacture or to facilitate the manufacture of methamphetamine, violates paragraph (6) or (7) of subsection (a), shall be sentenced to a term of imprisonment of not more than 10 years . . ."). By statute, Congress has authorized a term of supervised release of up to three years for Class C felonies, 18. U.S.C. § 3582(b)(2), and, under the United States Sentencing Guidelines, the

applicable guideline range for supervised release in connection with a Class C felony is one to three years. U.S.S.G. § 5D1.2(a)(2); *see also* 18 U.S.C. § 3583(b)(2). As a result, it was within the Court's discretion to impose a three-year term of supervised release when it resentenced him in May 2017. Accordingly, Petitioner has failed to demonstrate that he is entitled to relief under § 2255.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motions to set aside, vacate, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Docs. 1, 2 in Case No. 1:20-cv-185; Docs. 113, 118 in Case No. 1:11-cr-74) are **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**